State of West Virginia, Plaintiff Below,
Respondent

**FILED**

September 22, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) No. 13-1207 (Marion County 10-F-94)

John H., Defendant Below,
Petitioner

## MEMORANDUM DECISION

Petitioner John H., by counsel Michael Safcsak, appeals the Circuit Court of Marion County's October 23, 2013, order denying his motion for reconsideration of sentence made pursuant to Rule 35 of the West Virginia Rules of Criminal Procedure.[1] The State, by counsel Laura Young, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his motion because he should have received probation or alternative sentencing, and further challenges the sentence imposed, generally.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

During the June 2010 term of the Marion County Grand Jury, petitioner was indicted on several sexual offenses involving children, including sexual assault in the third degree, two counts of sexual abuse by a parent or guardian, sexual assault in the first degree, and sexual abuse in the first degree. After numerous continuances in the criminal proceedings, petitioner retained counsel in late 2012. Thereafter, in February of 2013, a plea agreement was reached whereby petitioner entered *Alford* pleas to one count of sexual assault in the third degree and one count of sexual abuse in the first degree.[2] The remaining counts of the indictment were dismissed, a pre-sentence

---

[1]In keeping with this Court's policy of protecting the identity of minors and the victims of sexual crimes, petitioner will be referred to by his last initial throughout the memorandum decision. *See, e.g., State v. Larry A.H.*, 230 W. Va. 709, 742 S.E.2d 125 (2013); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]*North Carolina v. Alford*, 400 U.S. 25 (1970). Under *Alford,* "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his

investigation was ordered, and petitioner was permitted to seek and introduce psychiatric evidence at sentencing.

In June of 2013, petitioner was sentenced to a term of incarceration of five to twenty-five years for his conviction of sexual abuse in the first degree and a term of incarceration of one to five years for his conviction of sexual assault in the third degree, said sentences to run consecutively. Additionally, the circuit court ordered that petitioner comply with twenty-five years of supervised release following his incarceration. Thereafter, petitioner, by counsel, filed a motion to reconsider his sentence under Rule 35 of the West Virginia Rules of Criminal Procedure, which the circuit court denied by order entered on October 22, 2013. It is from this order that petitioner appeals.

In regard to motions made pursuant to Rule 35(b), we have previously held that

> "[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, we find no abuse of discretion in the circuit court's denial of petitioner's motion. In support of his assignment of error, petitioner simply asserts that "the State's case [against him] was weak[;]" that a grandmother's testimony regarding one of the victims undergoing therapy as a result of the abuse was possibly false; that he has been a model inmate; and that if released, he would have the support of his family and employer. However, the Court finds no merit to petitioner's argument that he should be entitled to alternative sentencing.

We have previously held that "'[t]he decision of a trial court to deny probation will be overturned only when, on the facts of the case, that decision constituted a palpable abuse of discretion.' Syl. Pt. 2, *State v. Shafer*, 168 W.Va. 474, 284 S.E.2d 916 (1981)." Syl. Pt. 3, *State v. Shaw*, 208 W.Va. 426, 541 S.E.2d 21 (2000). Upon our review, the Court finds no abuse of discretion in the circuit court's denial of petitioner's request for probation or alternative sentencing. West Virginia Code § 62-12-3 grants circuit courts discretion in ordering a defendant to serve a sentence on probation. The record in this matter is replete with facts supporting the circuit court's sentence, including that petitioner originally faced a sentence of 51 to 170 years of incarceration if convicted of all the charges with which he was indicted. Further, the Court notes that petitioner perpetrated sexual crimes against two different minors. As such, we find no abuse of discretion in denying petitioner probation or home incarceration.

---

interests require a guilty plea and the record supports the conclusion that a jury could convict him." *Kennedy v. Frazier*, 178 W.Va. 10, 12, 357 S.E.2d 43, 45 (1987).

As to petitioner's general challenge of the sentence imposed, the Court notes that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Petitioner was sentenced to a term of incarceration of five to twenty-five years for his conviction of sexual abuse in the first degree and a term of incarceration of one to five years for his conviction of sexual assault in the third degree. A review of the record shows that petitioner was sentenced to the statutory maximum for these crimes, pursuant to West Virginia Code §§ 61-8B-7(c) and 61-8B-5(b), respectively. Further, the record shows that the circuit court did not rely on any impermissible factors in imposing sentence. As such, petitioner's sentences are not subject to review on appeal.

For the foregoing reasons, the circuit court's October 23, 2013, order denying petitioner's motion is hereby affirmed.

Affirmed.

**ISSUED**: September 22, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3