# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,**
**Respondent**

**vs) No. 13-1208** (Roane County 11-F-45)

**Darrell L., Defendant Below,**
**Petitioner**

**FILED**

November 24, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Darrell L., by counsel Rebecca Stollar Johnson, appeals the Circuit Court of Roane County's December 5, 2012, order denying his motion for a new trial.[1] The State, by counsel Julie A. Warren, filed a response. On appeal, petitioner alleges that the circuit court erred in allowing the victim to testify, in considering the victim's testimony, and violated his due process rights by failing to provide him with a full transcript of the proceedings below.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2011, petitioner was indicted on four counts of sex crimes, including two counts of sexual abuse in the first degree and two counts of sexual abuse by a custodian. These charges were based on events that transpired in February of 2011, when petitioner made sexual contact with the three-year-old child of his live-in girlfriend. Thereafter, in May of 2012, the circuit court ordered that the victim undergo a psychological evaluation with Dr. Timothy Saar to determine whether she could testify. Specifically, the circuit court sought to determine whether the victim "would suffer severe emotional harm, be unable to testify based sole[l]y on being in the physical presence of [petitioner] while testifying and [whether] the child witness evidence[d] signs of being subjected to undue influence or coercion."

---

[1] In keeping with this Court's policy of protecting the identity of minors and the victims of sexual crimes, petitioner will be referred to by his last initial throughout the memorandum decision. *See, e.g., State v. Larry A.H.*, 230 W. Va. 709, 742 S.E.2d 125 (2013); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

Following the psychological evaluation, the circuit court held a competency hearing in June of 2012 to determine whether or not the victim could testify. At the hearing, Dr. Saar testified to the contents of his written report and ultimately stated that he believed the child expressed herself well, was able to recall information "very well," and was able to understand what a lie is and that telling a lie results in trouble. Further, Dr. Saar recommended that the victim testify via closed circuit television or some other method that did not require her to be in petitioner's presence. Ultimately, the circuit court found that the victim was competent to testify via closed circuit television.[2]

Prior to trial, petitioner moved for a bench trial, and the motion was granted. The bench trial was held on August 17, 2012, after which the circuit court found petitioner guilty of one count of first degree sexual assault in violation of West Virginia Code § 61-8B-3 and one count of sexual abuse by a custodian in violation of West Virginia Code § 61-8D-5. In October of 2012, the circuit court sentenced petitioner to a term of incarceration of five to twenty-five years for his conviction of first degree sexual abuse and a term of incarceration of ten to twenty years for his conviction of sexual abuse by a custodian. Thereafter petitioner filed a motion for a new trial alleging the victim advocate that was present with the child as she testified via closed circuit television unduly influenced the victim's testimony. Following a hearing on the motion, the circuit court denied the same.

In November of 2013, the court reporter from petitioner's criminal proceedings received appellate transcript requests in advance of petitioner's appeal. Petitioner was provided with a complete transcript of the trial, but according to an affidavit included in the record, the laptop computer used to transcribe the November 15, 2012, hearing on petitioner's motion for a new trial crashed completely and the transcript of that hearing was lost. A portion of the transcript was recovered from a disk, but petitioner was unable to obtain a complete transcript from this hearing. It is from the circuit court's order denying his motion for a new trial that petitioner appeals.

In regard to a circuit court's determination as to the competency of a witness to testify at trial, we have previously held as follows:

> "The question of the competency of a witness to testify is left largely to the discretion of the trial court and its judgment will not be disturbed unless shown to have been plainly abused resulting in manifest error." Syllabus Point 8, *State v. Wilson*, 157 W.Va. 1036, 207 S.E.2d 174 (1974).

Syl. Pt. 10, *State v. Pettrey*, 209 W.Va. 449, 549 S.E.2d 323 (2001). Further, "[o]ur rape shield law plainly states that, '[i]n any prosecution under this article, neither age nor mental capacity of the victim shall preclude the victim from testifying.' W.Va.Code § 61–8B–11(c) [1986]." *State v. Jessica Jane M.*, 226 W.Va. 242, 254, 700 S.E.2d 302, 314 (2010).

---

[2]Circuit courts are granted the authority to allow child witnesses to testify via closed circuit television pursuant to West Virginia Code §§ 62-6B-1 through 62-6B-5 and West Virginia Trial Court Rule 14.03. On appeal, petitioner does not allege error with the circuit court's ruling in regard to the manner in which the child testified.

Additionally, when addressing rulings on the competency of child witnesses, this Court has drawn guidance from *Wheeler v. United States*, 159 U.S. 523, 16 S.Ct. 93, 40 L.Ed. 244 (1895). *See State v. Jessica Jane M.*, 226 W.Va. 242, 700 S.E.2d 302 (2010). In *Wheeler*, the United States Supreme Court provided the following direction for evaluating the competency of a child witness:

> [T]here is no precise age which determines the question of competency. This depends on the capacity and intelligence of the child, his appreciation of the difference between truth and falsehood, as well of his duty to tell the former. The decision of this question rests primarily with the trial judge, who sees the proposed witness, notices his manner, his apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose his capacity and intelligence as well as his understanding of the obligations of an oath. As many of these matters cannot be photographed into the record, the decision of the trial judge will not be disturbed on review unless from that which is preserved it is clear that it was erroneous.

159 U.S. at 524–25, 16 S.Ct. at 93. With these standards in mind, the Court finds no error in the circuit court's ruling that the child victim in this matter was competent to testify.

Petitioner argues that our prior holdings require the circuit court itself to undertake an examination of the potential child witness and that in the matter below, the circuit court conducted no such examination into the child's age, intelligence, capacity, and moral accountability. However, petitioner's argument on this issue is misguided and without merit as the record is clear that a thorough effort was undertaken to assess the victim's ability to testify. Importantly, the circuit court ordered the victim be evaluated by a qualified psychologist who ultimately testified that the child was competent to testify. This included specific expert opinions about the child's cognitive development, her ability to recall information, and her ability to differentiate between the truth and a lie. According to Dr. Saar, the child did very well during the evaluation, even going so far as to correct Dr. Saar when he used an incorrect name to identify the prosecutor in the case. And while it is true that Dr. Saar did state that the concept of an "oath" is a complex term for a child, he concluded that the victim herein "was aware if you tell a lie you can get in difficulty[,]" and further that the child "knows what it means to lie."

Additionally, the circuit court witnessed the child answer the prosecutor's questions regarding her ability to tell the truth prior to her testimony, during which she indicated that "you get in trouble[]" for lying. The circuit court further questioned the child as to the truthfulness of her testimony once it had concluded. As such, it is clear that the circuit court made the requisite examination regarding the child victim's competency to testify below and did not abuse its discretion in allowing her testimony. Contrary to petitioner's argument that his due process rights were violated by his inability to cross-examine the victim due to her alleged incompetency, the Court finds no error in this regard.

Further, the Court finds no error in the circuit court considering the child's testimony. Petitioner argues that the victim's father and a child advocate were in the room with the child as she testified and that they inappropriately interacted with the child during her testimony. However, petitioner provides no evidence in support of his allegation that the child was unduly influenced, beyond a simple allegation that the circuit court admonished the child advocate not to prompt the child during her testimony. The record is clear that the incident to which petitioner refers concerned the advocate telling the child to "use her words," after the child provided a non-verbal response to a question. While petitioner argues that this direction is evidence that the child needed to be coached due to a lack of competency, the Court disagrees. As outlined above, the circuit court correctly determined that the child was competent to testify, and a direction to provide a verbal response, common in many courtrooms, does not establish otherwise. For these reasons, the Court finds no merit to this argument.

Finally, the Court finds no merit to petitioner's argument that his due process rights were violated by the State's failure to provide him with a complete transcript of the proceedings below. While petitioner is correct that this Court has previously granted criminal defendants new trials in instances where trial transcripts are not available for appeal, we find that such relief is not warranted under the specific circumstances of this appeal. *See* Syl. Pt. 2, *State ex rel. Kisner v. Fox*, 165 W.Va. 123, 267 S.E.2d 451 (1980). The Court notes that the current appeal is analogous to our prior decision in *State v. Shafer*, 168 W.Va. 474, 284 S.E.2d 916 (1981), wherein we denied a defendant relief despite a missing portion of the transcript from the criminal proceedings. In *Shafer*, the defendant was not provided with a transcript from the sentencing hearing and alleged a due process violation as a result. However, this Court held that

> [t]he admitted brevity and simplicity of this hearing in conjunction with the fact that the record before us contains the probation report and the final sentencing orders leads us to conclude that appellate review of the appellant's assignments of error can be adequately accomplished in the absence of the sentencing hearing transcript.

*Id.* at 477, 284 S.E.2d at 919. Unlike in *Shafer*, the missing transcript does include testimony from witnesses in regard to what was said in the victim's presence during her trial testimony, but the Court declines to find that this fact distinguishes petitioner's appeal from *Shafer* such that relief is warranted.

This is especially true in light of the circuit court's order following the hearing, which included the finding that nothing was said to the child beyond a prompt to vocalize her response to a question during testimony. Specifically, the circuit court found that "there is no evidence that the child was coached during her testimony," and that "there is no evidence that the victim was told what words she should use." On appeal, petitioner's allegation that additional comments could have been made to the child is purely speculative and clearly without merit, as evidenced by the circuit court's denial of his motion for a new trial based upon the same grounds. We have previously held that

4

"[t]here is a presumption of regularity of court proceedings that remains until the contrary appears, and the burden is on the person who alleges such irregularity to show it affirmatively; and where an order of a court of record is merely silent upon any particular matter, it will be presumed, notwithstanding such silence, that such court performed its duty in every respect as required by law[.]" Syllabus, in part, *State ex rel. Smith v. Boles*, 150 W.Va. 1, 146 S.E.2d 585 (1965).

Syl. Pt. 2, *State v. J.S.*, 233 W.Va. 198, 757 S.E.2d 622 (2014). The circuit court's order following the hearing is silent as to any statements made to the child, aside from that previously mentioned, and, as such, it is presumed that the circuit court properly performed its duty in ruling on these allegations below.

For the foregoing reasons, the circuit court's December 5, 2012, order denying petitioner's motion is hereby affirmed.

Affirmed.

**ISSUED**: November 24, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

5