# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

November 23, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 13-1249** (Randolph County 10-F-3)

**Richard D.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Richard D., by counsel Agnieszka Collins, appeals the Circuit Court of Randolph County's October 17, 2013, order re-sentencing him following his conviction by jury of one count of sexual abuse by a custodian and one count of first-degree sexual abuse.[1] The State, by counsel Laura Young, filed a response in support of the circuit court's order. On appeal, petitioner argues (1) that the circuit court erred by rejecting the plea agreement between petitioner and the State prior to petitioner's underlying trial; (2) that the State presented insufficient evidence for a jury to find him guilty beyond a reasonable doubt; and (3) that the circuit court erred in denying petitioner alternative sentencing on the count of sexual abuse by a custodian.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2008, law enforcement officers arrested petitioner for sexually abusing an eight-year-old girl whom petitioner had helped babysit for several years. The child had alleged that petitioner forced her to touch his penis. In an interview with police around the time of his arrest, petitioner admitted that the child had touched his penis, but he attempted to explain the incident as an innocent occurrence. He stated that she "ran her hand up there under [his] swim shorts[.]"

In February of 2010, the grand jury indicted petitioner on two felony counts: one count of sexual abuse by a parent, guardian, custodian, or person in a position of trust, in violation of

---

[1]Because this case involves a minor victim of sex crimes, we use only the petitioner's first name and last initial consistent with our practice in cases involving minors and sensitive facts. *See State ex rel. Dept. of H.S. v. Cheryl M.*, 177 W.Va. 688, 689 n. 1, 356 S.E.2d 181, 182 n. 1 (1987).

1

West Virginia Code § 61-8D-5, and one count of first-degree sexual abuse, in violation of West Virginia Code § 61-8B-7. Thereafter in May of 2010, petitioner and the State entered into a plea agreement under which petitioner agreed to plead nolo contendere to the misdemeanor offense of third-degree sexual abuse, in violation of West Virginia Code § 61-8B-9. During the subsequent plea hearing, the prosecuting attorney informed the circuit court that the victim's family "would like something much stronger" than the misdemeanor plea and that he had not discussed the plea offer with the investigating officer directly. Thereafter, the circuit court rejected the plea agreement "at this time[,]" but the circuit court stated that it would reconsider its ruling if the parties presented another plea agreement or returned with the investigating officer present.

The record on appeal contains no objection to the circuit court's order rejecting his plea agreement, no motion for reconsideration thereof, and no discussion of a second plea agreement. As such, petitioner's jury trial commenced on May 21, 2010. At trial, the investigating officer testified as to the contents of petitioner's statement to police, in which he admitted that the girl touched his penis. The victim testified that "bad stuff" happened with petitioner and that he made her touch his penis "[a] bunch of times." She further testified that he made her perform oral sex on him. Following its deliberations, the jury returned a verdict of guilty on both counts of the indictment.

In July of 2010, the circuit court held a sentencing hearing. Petitioner sought an alternative sentence for his convictions, citing his record as a veteran and the fact that, at the time of sentencing, he had no criminal history. In light of the jury's verdict, by order, the circuit court sentenced petitioner to ten to twenty years in prison on the conviction of sexual abuse by a custodian and ordered to pay a fine of $5000 for the count of first-degree sexual abuse and extended supervised release for a period of twenty years upon completion of his imprisonment. Petitioner was re-sentenced on October 17, 2013, for the purposes of appeal. This appeal followed.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). We have also held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010).

Petitioner's first assignment of error is that the circuit court erred by rejecting the plea agreement between petitioner and the State prior to petitioner's underlying trial. Contrary to petitioner's argument that Rule 11 of the West Virginia Rules of Criminal Procedure requires a court to accept certain plea agreements between the State and defendant, we have expressly held that "'West Virginia Rules of Criminal Procedure, Rule 11, gives a trial court discretion to refuse a plea bargain.' Syllabus Point 5, *State v. Guthrie*, 173 W.Va. 290, 315 S.E.2d 397 (1984)." Syl. Pt. 2, *Myers v. Frazier*, 173 W.Va. 658, 319 S.E.2d 782 (1984). Further, "[u]nder Rule 11(e)(2) of the West Virginia Rules of Criminal Procedure, the power is vested in the circuit court to accept or reject a plea agreement[.]" Syl. Pt. 3, in part, 173 W.Va. at 658, 319 S.E.2d at 782. As previously recognized, there is no constitutional right to plea bargain or to have the plea bargain

2

accepted by the court. *Weatherford v. Bursey*, 429 U.S. 545 (1977); *Myers v. Frazier*, 173 W.Va. 658, 319 S.E.2d 782 (1984); *State v. Guthrie*, 173 W.Va. 290, 315 S.E.2d 397 (1984); *United States v. Stamey*, 569 F.2d 805 (4th Cir.1978); *United States v. Jackson*, 563 F.2d 1145 (4th Cir.1977). Rule 11(e)(4) permits circuit courts to reject plea agreements and provides the procedure therefor. We find that the circuit court was well within its discretion to reject the underlying plea agreement. Moreover, the circuit court only rejected the plea agreement "at this time" and permitted the parties to address the court's concerns and present their agreement at a later date, which it appears they did not do. Given the circumstances of this case, we find no merit to petitioner's first assignment of error.

Next, petitioner argues that the State presented insufficient evidence at trial to convict him beyond a reasonable doubt of first-degree sexual abuse and sexual abuse by a custodian. With regard to such claims, we have explained that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syllabus Point 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 1, *State v. Malfregeot*, 224 W.Va. 264, 685 S.E.2d 237 (2009).

For the crime of first-degree sexual abuse, the State must prove beyond a reasonable doubt that "[s]uch person, being fourteen years old or more, subjects another person to sexual contact who is younger than twelve years old." W.Va. Code § 61-8B-7. "Sexual contact" is defined by statute to mean

> any intentional touching, either directly or through clothing, of the breasts, buttocks, anus or any part of the sex organs of another person, or intentional touching of any part of another person's body by the actor's sex organs, where the victim is not married to the actor and the touching is done for the purpose of gratifying the sexual desire of either party.

W.Va. Code § 61-8B-1(6). For the crime of sexual abuse by a custodian, the State must prove beyond a reasonable doubt, in addition to sexual contact with a child, that the child was under the defendant's care, custody, and control. W.Va. Code § 61-8D-5. The record is clear that the child at issue herein was approximately six and seven years old at all relevant times. In his statement to police, petitioner admitted both that he babysat the child and that the child touched his penis. Further evidence demonstrated that petitioner made the child touch his penis and perform oral

3

sex on him. Given the substantial evidence presented in this matter, we find that the State sufficiently proved that petitioner committed these crimes such that a jury could return a verdict of guilty beyond a reasonable doubt.

Petitioner's final assignment of error is that the circuit court erred in denying him alternative sentencing for the count of sexual abuse by a custodian. Petitioner claims that due to the insufficient evidence presented at trial and his lack of a criminal record at the time of sentencing, the circuit court erred in failing to impose alternative sentencing in this matter. We have previously held that "'[t]he decision of a trial court to deny probation will be overturned only when, on the facts of the case, that decision constituted a palpable abuse of discretion.' Syl. Pt. 2, *State v. Shafer*, 168 W.Va. 474, 284 S.E.2d 916 (1981)." Syl. Pt. 3, *State v. Shaw*, 208 W.Va. 426, 541 S.E.2d 21 (2000). Upon our review, the Court finds no abuse of discretion in the circuit court's denial of petitioner's request for alternative sentencing. West Virginia Code § 62-12-3 grants circuit courts discretion in ordering a defendant to serve a sentence on probation. Further, "[p]robation is a matter of grace and not a matter of right." Syllabus Point 1, *State v. Rose*, 156 W.Va. 342, 192 S.E.2d 884 (1972)." Syl. Pt. 2, *State v. Hosby*, 220 W.Va. 560, 648 S.E.2d 66 (2007). Here, we find no indication that the circuit court abused its discretion in denying alternative sentencing on this count. Petitioner has failed to establish that the evidence against him was insufficient or that his lack of a criminal history entitles him to an alternative sentence for his conviction. As such, we find no error in the circuit court's order sentencing petitioner to prison for the count of sexual abuse by a custodian.

For the foregoing reasons, the circuit court's October 17, 2013, order, is hereby affirmed.

Affirmed.

**ISSUED: November 23, 2015**

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II