## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-0879** (Jackson County 09-F-69)

**James A. Peronti,**
**Defendant Below, Petitioner**

**FILED**

**June 28, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

### MEMORANDUM DECISION

Petitioner's appeal, by counsel David W. Dawson, arises from an order entered June 22, 2012, in the Circuit Court of Jackson County, wherein he was sentenced to a term of two to thirty years of incarceration. This sentence followed petitioner's conviction, by jury, for one count of possession of a controlled substance with intent to deliver – oxycodone and one count of conspiracy to possess a controlled substance with intent to distribute. The State, by counsel Robert D. Goldberg, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2009, petitioner drove from Florida to West Virginia, carrying two passengers: Sampson Gibson and his co-defendant. Throughout the ride, Mr. Gibson spoke by telephone to his aunt, who permitted law enforcement to record the conversations, regarding the sale of some of petitioner's oxycodone and hydrocodone pills upon arrival in West Virginia. Mr. Gibson testified at trial that petitioner drove him to West Virginia only because he was able to arrange for the sale of the pills. In April of 2012, a jury convicted petitioner of one count of possession of a controlled substance with intent to deliver and one count of conspiracy to possess a controlled substance with intent to distribute. Thereafter, the circuit court sentenced petitioner to two to twenty years of incarceration.

On appeal, petitioner alleges that the circuit court erred in finding that the jury had sufficient grounds to find him guilty, in admitting certain evidence, and in denying petitioner's motion for alternative sentencing. In support, petitioner argues that the evidence below was insufficient to support his convictions because the State failed to establish that petitioner intended to deliver the controlled substances since he had a prescription for the substances and did not speak directly to Mr. Gibson's aunt about selling the pills. Petitioner also argues that the circuit

1

court abused its discretion when it permitted the State to show the jury the controlled substances in plastic baggies, separate from the prescription bottles the substances were in when seized. Finally, petitioner argues that the circuit court abused its discretion when it denied his motion for alternative sentencing without considering his sparse criminal record, the fact he drove from Florida for his court dates, and that he raised his granddaughter as his own, but erred when it considered the fact he owned four mobile homes. In response, the State argues that there was an abundance of evidence introduced at trial to support the jury's verdict to find Sampson Gibson's testimony more credible than petitioner's testimony. Further, the State argues that petitioner waived the argument regarding the presentation of the pills because he did not object to it at trial. Lastly, the State argues that petitioner is seeking to have this Court substitute its judgment for the trial court's judgment and, further, that, at trial, petitioner's counsel did, in fact, present arguments regarding his lack of criminal record, that he is disabled, and that he is living in Florida with his wife and granddaughter but still was able to attend his court dates.

We have held that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 5, *State v. Broughton*, 196 W.Va. 281, 470 S.E.2d 413 (1996). Upon our review, the Court finds that the evidence was sufficient to support petitioner's conviction for the crimes below.

The evidence established that petitioner drove from Florida to West Virginia and was present for over twenty phone conversations where Mr. Gibson arranged for the sale of petitioner's pills; further that, despite having little income and barely knowing Mr. Gibson, petitioner did not charge Mr. Gibson for the ride to West Virginia, which was allegedly out of petitioner's way. Additionally, the evidence established that petitioner had a greater amount of pills in his prescription bottle than was indicated on the label. These facts form a basis upon which the jury found guilt beyond a reasonable doubt; furthermore, finding petitioner's testimony less credible than that of Mr. Gibson is within the purview of the jury. For these reasons, the evidence below was sufficient to support petitioner's convictions.

2

Petitioner's other two assignments of error are likewise without merit. Regarding the argument that the presentation of the seized pills in baggies rather than in their bottle was overly prejudicial, this Court has held that

> "'[t]he action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion.' Syllabus Point 10, *State v. Huffman*, 141 W.Va. 55, 87 S.E.2d 541 (1955)." Syl. pt. 4, *State v. Ashcraft*, 172 W.Va. 640, 309 S.E.2d 600 (1983). Syl. pt. 2, *State v. Franklin*, 191 W.Va. 727, 448 S.E.2d 158 (1994).

Syl. Pt. 1, *State v. Jonathan B.*, 230 W.Va. 229, 737 S.E.2d 257 (2012). Further,

> "Rule 401 of the West Virginia Rules of Evidence requires the trial court to determine the relevancy of the exhibit on the basis of whether the photograph is probative as to a fact of consequence in the case. The trial court then must consider whether the probative value of the exhibit is substantially outweighed by the counterfactors listed in Rule 403 of the West Virginia Rules of Evidence. As to the balancing under Rule 403, the trial court enjoys broad discretion. The Rule 403 balancing test is essentially a matter of trial conduct, and the trial court's discretion will not be overturned absent a showing of clear abuse." Syllabus Point 10, *State v. Derr*, 192 W.Va. 165, 451 S.E.2d 731 (1994).

Syl. Pt. 6, *State v. Berry*, 227 W.Va. 221, 707 S.E.2d 831 (2013).

Testimony at trial was clear that the pills were, in fact, seized in the bottles. Petitioner failed to object to the pills being presented in plastic baggies; therefore, he failed to preserve this argument on appeal. With regard to petitioner's alternative sentencing argument, as we have held, "[t]he decision as to whether the imposition of probation is appropriate in a certain case is entirely within the circuit court's discretion." *State v. Duke*, 200 W.Va. 356, 364, 489 S.E.2d 738, 746 (1997). Therefore, "[t]he decision of a trial court to deny probation will be overturned only when, on the facts of the case, that decision constituted a palpable abuse of discretion." Syl. Pt. 2, *State v. Shafer*, 168 W.Va. 474, 284 S.E.2d 916 (1981). Additionally, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). The circuit court clearly considered all of the evidence and did not abuse its discretion in denying petitioner an alternative sentence.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: June 28, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II