# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below, Respondent**

**vs) No. 13-0333** (Gilmer County 12-F-6)

**Tonya Alisa Ramsey, Defendant Below, Petitioner**

**FILED**

January 17, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Tonya Ramsey, by counsel Christina C. Flanigan, appeals the Circuit Court of Gilmer County's February 21, 2013, order sentencing her to a term of incarceration of one to four years following her entry of a guilty plea to one count of obtaining a controlled substance by misrepresentation. The State, by counsel Christopher S. Dodrill, filed a response. On appeal, petitioner alleges that the circuit court erred in denying her request for probation or alternative sentencing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2011, petitioner obtained sixty tablets of tizanidine and sixty tablets of alprazolam by presenting the Medicaid card of her then-boyfriend, Matt Haley. The pharmacist informed law enforcement that the card used to obtain the prescriptions belonged to Mr. Haley, who was incarcerated at the time. Following an investigation, petitioner returned the prescriptions to the State Police and was indicted in March of 2012 by a Gilmer County Grand Jury on one count of obtaining a controlled substance by misrepresentation.

Thereafter, petitioner entered into a plea agreement in which she pleaded guilty to one count of obtaining a controlled substance by misrepresentation. Pursuant to the agreement, the State dismissed additional felony charges pending in Braxton County for which petitioner had not yet been indicted. In February of 2013, the circuit court held a sentencing hearing, denied petitioner's request for probation or alternative sentencing, and sentenced petitioner to a term of incarceration of one to four years. It is from the sentencing order that petitioner appeals.

We have previously held that "'[t]he decision of a trial court to deny probation will be overturned only when, on the facts of the case, that decision constituted a palpable abuse of discretion.' Syl. Pt. 2, *State v. Shafer*, 168 W.Va. 474, 284 S.E.2d 916 (1981)." Syl. Pt. 3, *State v.*

1

*Shaw*, 208 W.Va. 426, 541 S.E.2d 21 (2000). Upon our review, the Court finds no abuse of discretion in the circuit court's denial of petitioner's request for probation or alternative sentencing. West Virginia Code § 62-12-3 grants circuit courts discretion in ordering a defendant to serve a sentence on probation. While petitioner argues that she was entitled to probation because of the non-violent nature of the offense, her lack of prior felony convictions, her voluntary surrender, and the fact she has three children, the circuit court ultimately denied her request because it found "that there is a substantial likelihood that [petitioner] would commit additional offenses if on probation . . . ." The circuit court also found that granting probation would "unduly depreciate the seriousness of the offense" for which petitioner was convicted.

The circuit court based its decision on multiple factors, including the fact that, while she admitted criminal culpability during her plea hearing, statements from the presentence investigation report showed that petitioner failed to accept responsibility for her actions. The circuit court further found that petitioner did not take the criminal proceedings seriously as evidenced by her failure to appear before the circuit court for a hearing in the criminal proceedings, a drug screen showing marijuana use while on bond, her failure to disclose a prior criminal conviction to the probation office, and the nature of the charges that were dismissed pursuant to the plea agreement, which included an attempt to smuggle contraband into a regional jail. As such, we find no abuse of discretion in denying petitioner probation and imposing a sentence of incarceration.

In imposing sentence, the circuit court sentenced petitioner to a term of incarceration of one to four years. Pursuant to West Virginia Code § 60A-4-403(b), any person convicted of obtaining a controlled substance by misrepresentation "may be imprisoned in the penitentiary for not less than one year nor more than four years . . . ." We have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, we find that petitioner's sentence is not appropriate for review because it was within the applicable statutory limits and not based on any impermissible factor.

For the foregoing reasons, the circuit court's February 21, 2013, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: January 17, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2