STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

State of West Virginia, Plaintiff Below,
Respondent

**FILED**

March 31, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) No. 13-0434 (Monongalia County 10-F-106 & 11-F-43)

James G., Defendant Below,
Petitioner

**MEMORANDUM DECISION**

Petitioner James G., by counsel Cheryl L. Warman, appeals the Circuit Court of Monongalia County's March 25, 2013, order denying his motion for reconsideration of sentence made pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure.[1] The State, by counsel Laura Young, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his motion because he should have received probation or alternative sentencing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2010, petitioner was indicted in case 10-F-106 on fourteen counts of various sexual offenses against S.B., a female minor, and S.S., a male minor. These included eight counts of sexual abuse by a parent, guardian, or custodian, and six counts of first degree sexual assault. Thereafter, in January of 2011, petitioner was indicted in case 11-F-43 on four counts of sexual crimes against N.D., a male minor, including two counts of sexual abuse by a parent, guardian, or custodian, one count of first degree sexual assault, and one count of first degree sexual abuse. The two cases were consolidated for trial, prior to which petitioner's counsel sought a forensic psychological evaluation to assess petitioner's competency to stand trial and criminal responsibility. Thereafter, Dr. William Fremouw issued a report that petitioner should be considered both competent to stand trial and criminally responsible. Without objection from petitioner, the circuit court entered an order adopting Dr. Fremouw's findings.

---

[1]In keeping with this Court's policy of protecting the identity of minors and the victims of sexual crimes, petitioner will be referred to by his last initial throughout the memorandum decision. *See, e.g., State v. Larry A.H.*, 230 W. Va. 709, 742 S.E.2d 125 (2013) (per curiam); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

Pursuant to a plea agreement, petitioner entered *Alford* pleas to three counts of sexual abuse by a parent, guardian, or custodian and the remaining counts from both indictments were dismissed in January of 2012.[2] In September of 2012, the circuit court sentenced petitioner to three terms of incarceration of ten to twenty years, said sentences to run concurrently. The circuit court denied petitioner's request for alternative sentencing and further imposed a period of fifty years of supervision following petitioner's release. Petitioner then filed a motion for reconsideration of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure seeking alternative sentencing in the form of probation or home incarceration, and the circuit court held a hearing on the same. By order entered on March 25, 2013, the circuit court denied petitioner's motion for reconsideration of sentence. It is from this order that petitioner appeals.

In regard to motions made pursuant to Rule 35(b), we have previously held that

> "[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, we find no abuse of discretion in the circuit court's denial of petitioner's motion. In support of his assignment of error, petitioner simply asserts that the circuit court failed to consider several factors in reaching its decision, including that he is not addicted to alcohol or other drugs, has previously been treated for depression, and is also a victim of sexual abuse. However, the Court finds no merit to this argument, as there is nothing in the record to illustrate that the circuit court failed to give "due consideration" to these factors, as petitioner alleges. That the circuit court did not grant petitioner the relief sought does not illustrate a failure to properly consider all relevant factors before the circuit court.

We have previously held that "'[t]he decision of a trial court to deny probation will be overturned only when, on the facts of the case, that decision constituted a palpable abuse of discretion.' Syl. Pt. 2, *State v. Shafer*, 168 W.Va. 474, 284 S.E.2d 916 (1981)." Syl. Pt. 3, *State v. Shaw*, 208 W.Va. 426, 541 S.E.2d 21 (2000). Upon our review, the Court finds no abuse of discretion in the circuit court's denial of petitioner's request for probation or alternative sentencing. West Virginia Code § 62-12-3 grants circuit courts discretion in ordering a defendant to serve a sentence on probation. The record in this matter is replete with facts supporting the circuit court's sentence, including that he originally faced over 150 years of incarceration if convicted of all the charges with which he was indicted. Further, the Court notes that petitioner perpetrated sexual crimes against three different minors. As such, we find no abuse of discretion in denying petitioner probation or home incarceration.

---

[2]*North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970).

For the foregoing reasons, the circuit court's March 25, 2013, order denying petitioner's motion is hereby affirmed.

Affirmed.

**ISSUED**:  March 31, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II