# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 18-1047** (Berkeley County 17-F-129)

**Joel Michael Ziler,**
**Defendant Below, Petitioner**

**FILED**

**February 7, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joel Michael Ziler, by counsel B. Craig Manford, appeals the Circuit Court of Berkeley County's October 30, 2018, order sentencing him to two consecutive terms of incarceration of two to ten years following his conviction of two counts of soliciting a minor via computer. Respondent State of West Virginia, by counsel Shannon Frederick Kiser, filed a response. On appeal, petitioner argues that the circuit court erred in sentencing him to incarceration and denying him alternative sentencing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

After his indictment on two counts of sexual abuse by a person in a position of trust and two counts of soliciting a minor via computer, petitioner entered into a plea agreement with the State in February of 2018, whereby he agreed to plead guilty to both counts of soliciting in exchange for the dismissal of the remaining two counts. The State also agreed to make no recommendation as to sentencing so that petitioner would be free to seek alternative sentencing. Prior to sentencing, petitioner moved for home incarceration or probation as alternatives to incarceration. In support of this request, petitioner asserted that his minor victims were willing participants and that they "were very close to eighteen (18) years of age at the time" of the crimes. Also prior to sentencing, petitioner submitted to a psychological evaluation and, later, a sixty-day diagnostic evaluation.

In October of 2018, the circuit court held a sentencing hearing, during which petitioner's psychological evaluator testified that petitioner would be a good candidate for home incarceration.

1

Despite this recommendation, the psychologist also testified that petitioner did not fully accept responsibility for his actions. Petitioner's father also testified to the assistance he and petitioner's mother would provide in order to facilitate an alternative sentence for petitioner. Ultimately, the circuit court found that home incarceration or other forms of alternative sentencing were not appropriate, especially given that petitioner's crimes occurred in his home. The circuit court sentenced petitioner to two consecutive terms of two to ten years of incarceration. It is from the sentencing order that petitioner appeals.

This Court has long held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). On appeal, however, petitioner seeks review of the circuit court's imposition of consecutive sentences of incarceration, as opposed to probation or home incarceration, on the ground that the circuit court "either ignored or misunderstood the expert testimony presented that the [petitioner], with proper treatment and supervision was not likely to again commit another offense." In short, petitioner argues that the circuit court abused its discretion because it did not properly consider certain evidence in choosing to impose consecutive terms of incarceration. However, in support of his appeal, petitioner does not allege or otherwise argue that his sentence was based on an impermissible factor or exceeded the applicable statutory limits.[1] Accordingly, he is not entitled to review of the circuit court's imposition of the sentence in question. As stated above, such sentences are not subject to appellate review, and we find that petitioner is entitled to no relief as to the terms of incarceration imposed.

Further, in regard to petitioner's assertion that a denial of alternative sentencing was an abuse of discretion, we similarly find no error. "'The decision of a trial court to deny probation will be overturned only when, on the facts of the case, that decision constituted a palpable abuse of discretion.' Syl. Pt. 2, *State v. Shafer*, 168 W.Va. 474, 284 S.E.2d 916 (1981)." Syl. Pt. 3, *State v. Shaw*, 208 W. Va. 426, 541 S.E.2d 21 (2000). As a threshold matter, we observe that petitioner's claim that the circuit court abused its discretion is, again, based on unsubstantiated assertions that the circuit court "never seriously considered the . . . request for alternative sentencing." Specifically, petitioner repeatedly asserts that the court ignored certain facts that petitioner believes entitled him to either probation or home incarceration. However, petitioner cites to nothing to support these assertions, other than his conclusion that the circuit court would have granted him alternative sentencing if it had considered this evidence. This Court has long held that "[t]here is

---

[1]The record shows that petitioner was sentenced within the applicable statutory limits. According to West Virginia Code § 61-3C-14b(a),

> [a]ny person over the age of eighteen, who knowingly uses a computer to solicit, entice, seduce or lure, or attempt to solicit, entice, seduce or lure, a minor known or believed to be at least four years younger than the person using the computer or a person he or she believes to be such a minor, in order to engage in any illegal act proscribed by the provisions of article eight, eight-b, eight-c or eight-d of this chapter, or any felony offense under section four hundred one, article four, chapter sixty-a of this code, is guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000 or imprisoned in a state correctional facility not less than two nor more than ten years, or both.

2

a presumption of regularity of court proceedings that remains until the contrary appears, and the burden is on the person who alleges such irregularity to show it affirmatively." Syl. Pt. 2, in part, *State v. J.S.*, 233 W. Va. 198, 757 S.E.2d 622 (2014). There is simply nothing in the record to indicate that the circuit court failed to consider any of the evidence petitioner identifies on appeal, and the fact that petitioner did not receive the sentence he wished is insufficient to satisfy his burden of affirmatively showing such irregularity.

In determining the appropriate sentence, the circuit court considered the fact that petitioner was a teacher at the time of the crimes, which is "a position of trust with society." The circuit court further found that petitioner "used that position to commit these crimes" which "makes the nature of these crimes worse." Further, the circuit court heard evidence that petitioner failed to fully accept responsibility for his crimes and found that "the defense attempt[ed] to characterize these crimes as . . . not as serious as others." More importantly, the circuit court found that alternative sentencing, such as home incarceration, was not appropriate for several reasons, including the fact that petitioner's crime occurred in his home and that "community supervision will not be intense enough to ensure the safety of the public" given that petitioner would spend large portions of his days at home alone. Petitioner did not challenge the validity of these factual findings at the sentencing hearing. This Court has recognized that "'a defendant convicted of a crime has no absolute right to probation, probation being a matter of grace only, extended by the State to a defendant convicted of a crime, in certain circumstances and on certain conditions.'" *State ex rel. Winter v. MacQueen*, 161 W. Va. 30, 32-33, 239 S.E.2d 660, 661-62 (1977) (citation omitted). Given all of the above, we conclude that the circuit court did not abuse its discretion in denying petitioner's request for alternative sentencing.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  February 7, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison