# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 19-0740** (Braxton County 19-F-30)

**Ercel N.,**
**Defendant Below, Petitioner**

**FILED**

**November 4, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ercel N.,[1] by counsel Timothy P. Rosinsky, appeals the July 16, 2019, order of the Circuit Court of Braxton County denying his motion for an alternative sentence and sentencing him to ten to twenty years of incarceration for his conviction on one count of sexual abuse by a parent, guardian, custodian, or other person of trust. Respondent State of West Virginia, by counsel Karen Villanueva-Matkovich, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 6, 2019, petitioner was arrested on twenty-one counts of sexual abuse by a parent, guardian, custodian, or other person of trust pursuant to West Virginia Code § 61-8D-5 and twenty-one counts of third-degree sexual assault pursuant to West Virginia Code § 61-8B-5. At

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

the time of his arrest, petitioner was fifty-six years old, and his victim was a twelve-year-old female.

As a part of a plea agreement, petitioner waived his right to be indicted by the Grand Jury of Braxton County and pled guilty to one count of sexual abuse by a parent, guardian, custodian, or other person of trust. In exchange, the State dismissed the forty-one other counts and agreed to stand silent with regard to petitioner's sentence. The circuit court accepted petitioner's guilty plea at an April 16, 2019, hearing.

On April 22, 2019, in order to be eligible for consideration for probation, petitioner filed a motion to undergo a forensic psychological evaluation pursuant to West Virginia Code § 62-12-2(e).[2] By order entered on May 3, 2019, the circuit court granted the motion, and petitioner underwent evaluation on May 22 and 28, 2019. In a report dated June 24, 2019, the evaluator opined that there was an average to below average risk of petitioner reoffending and that it was "certainly desirable that [petitioner] be proscribed from any unsupervised contact with underage females." The evaluator stated that petitioner's significant physical impairments "modulates the risks downward."[3] The evaluator concluded as follows:

> *If the [c]ourt elects to consider alternatives to sentencing, it is recommended that [petitioner] participate in sex offender treatment with specific attention to educating him about the potential harm to the victim and addressing his distorted attitude about the victim being "partly" at fault for what happened.* Therapy should also address his ongoing issues with depression and anxiety, social isolation, and meeting intimacy needs.

(Emphasis added).

In a May 24, 2019, presentence investigation ("PSI") report, the probation officer similarly noted petitioner's tendency "to blame the victim . . . instead of taking responsibility for his actions." The probation officer further noted that, at the time of the PSI, the victim was still only twelve years old.

The circuit court held petitioner's sentencing hearing on July 8, 2019. Petitioner argued that his motion for an alternative sentence should be granted given his remorse, willingness to

---

[2]West Virginia Code § 62-12-2(e) provides, in pertinent part, that:

> [a]ny person who has . . . pleaded guilty to . . . a violation of the provisions of [West Virginia Code] § 61-8D-5 . . . may only be eligible for probation after undergoing a physical, mental, and psychiatric or psychological study and diagnosis which shall include an ongoing treatment plan requiring active participation in sexual abuse counseling at a mental health facility or through some other approved program[.]

[3] The evaluator specifically referenced petitioner's pressure sores and his neurogenic bladder that requires him to self-catheterize.

2

comply with any conditions of probation, and social isolation that caused him not to have "sexual contact with anyone" prior to his sexual abuse of the victim. The circuit court denied the motion for an alternative sentence, finding that petitioner's tendency to blame the minor victim for his criminal misconduct caused the court to be "troubled." The circuit court spread its reasons for denying petitioner's motion on the record, explaining:

> I believe that your are in need of correctional treatment that would effectively served in the correctional institution. Quite frankly, to give you probational or alternative sentencing in this offense, would unduly depreciate the seriousness of the offenses for which you committed. Based upon what I believe is your emotional, mental condition, based upon what I believe, in the matter, is a violation of trust at the time of the offense was committed, based upon the violent nature of this offense; you sexually abused a minor child. Based upon all the information, and the deliberate nature of the offense, and the antisocial attitude, [it] is the judgment and an order of this court that your motion for probation and alternative sentencing, shall be and is hereby denied in the matter.

Accordingly, the circuit court sentenced petitioner to a term of ten to twenty years of incarceration pursuant to West Virginia Code § 61-8D-5.[4]

Petitioner appeals the circuit court's July 16, 2019, sentencing order. This Court "reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). Furthermore, "[t]he decision of a trial court to deny probation will be overturned only when, on the facts of the case, that decision constituted a palpable abuse of discretion." Syl. Pt. 2, *State v. Shafer*, 168 W. Va. 474, 284 S.E.2d 916 (1981).

On appeal, petitioner concedes that the sentence imposed by the circuit court was within the limits set forth in West Virginia Code § 61-8B-5. The State notes that petitioner makes no argument that the circuit court's sentencing decision was based upon some impermissible factor such as race or gender. Rather, according to petitioner, his sole argument is simply that the circuit court "abused its discretion in failing to grant [petitioner] an alternative sentence under the facts and circumstances of this case." Based on our review on of the record, we find that the circuit court did not abuse its discretion in denying the motion for an alternative sentence in light of the rationale offered by the circuit court during the July 8, 2019, sentencing hearing.

---

[4]The circuit court further ordered petitioner to register for life as a sex offender and that, after petitioner's release from incarceration, he will be on supervised release for a period of forty years.

For the foregoing reasons, we affirm the circuit court's July 16, 2019, order denying petitioner's motion for an alternative sentence and sentencing him to ten to twenty years of incarceration for his conviction on one count of sexual abuse by a parent, guardian, custodian, or other person of trust.

Affirmed.

**ISSUED:** November 4, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison