# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 22-0290** (Jackson County CC-18-2020-F-82)

**Caleb A.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Caleb A. appeals the Circuit Court of Jackson County's March 17, 2022, order sentencing him following his convictions for second-degree sexual assault and strangulation.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

Before petitioner's trial, the State filed notice of its intent to use intrinsic evidence or, alternatively, evidence of "other crimes or bad acts" under Rule 404(b) of the West Virginia Rules of Evidence. Specifically, the State noticed its intent to elicit testimony from petitioner's wife— the victim of his crimes—that petitioner (1) told her he knew multiple ways to kill a person using his hands, (2) told her he had intentionally infected a prior girlfriend with sexually transmitted diseases for leaving him, and (3) made various threats. The State's notice also informed petitioner that his wife intended to testify to his physical abuse of her, including three prior instances in which he "force fed" her, and to sexual acts to which she did not consent but that were not charged. The State argued that the evidence was intrinsic to petitioner's second-degree sexual assault charge, was necessary for a full presentation of the facts, and explained why petitioner's wife stayed with him in view of his anticipated defense of consent.

---

[1] Petitioner appears by counsel Mark S. Plants, and the State appears by Attorney General Patrick Morrisey and Assistant Attorney General R. Todd Goudy. We note that initials are used where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

The appendix record does not reflect that petitioner opposed the State's motion in writing.[2] At the hearing on the State's motion, petitioner's counsel said, "I think there are a couple of general topics that I—some of which I'm prepared to concede is going to be probably admissible and strategically I'm okay with it coming in" but that "there are some things that I think should not be admitted."[3] Petitioner's counsel did not articulate a specific objection or otherwise specify which topics should not be admitted. Instead, the parties stated that they would prepare an agreed order addressing the unobjectionable evidence and submit separate proposed orders addressing the remaining evidence for the court's consideration. The record before this Court fails to include an agreed order or competing proposed orders.

The court granted the State's motion, finding that the evidence was intrinsic, as it "tend[ed] to show the abusive foundation upon which" petitioner's marriage to his wife was built, and that it was necessary for a presentation of the "full story."[4] The court also found that the probative value of the evidence was not substantially outweighed by its prejudicial effect. Petitioner's wife testified at petitioner's trial to the above-described events as anticipated, without objection from petitioner, and petitioner was convicted by a jury of second-degree sexual assault and strangulation. Petitioner was later sentenced to consecutive terms of incarceration of not less than ten nor more than twenty-five years for his second-degree sexual assault conviction and to not less than one nor more than five years for his strangulation conviction, and it is from the court's March 17, 2022, sentencing order that he now appeals.

Petitioner claims error in the court's admission of evidence that he (1) infected a prior girlfriend with a sexually transmitted disease, (2) threatened his wife's coworkers and family, and (3) said he knew ways to kill people with his hands. Petitioner also argues that the court failed to make the findings courts are required to make prior to admitting evidence under Rule 404(b). *See State v. McGinnis*, 193 W. Va. 147, 455 S.E.2d 516 (1994).

Where the issue is properly preserved, this Court reviews a trial court's evidentiary rulings, its application of the Rules of Evidence, and its admission of evidence for an abuse of discretion. Syl. Pts. 2 & 3, *State v. Harris*, 230 W. Va. 717, 742 S.E.2d 133 (2013). Here, however, petitioner has not preserved the issue for our review. "To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect." Syl. Pt. 1, *State v. Sites*, 241 W. Va. 430, 825 S.E.2d 758 (2019) (quoting Syl. Pt. 10, *State v. Shrewsbury*, 213 W. Va. 327, 582 S.E.2d 774 (2003)). This rule is necessary "to prevent 'a party from making a tactical decision to refrain from objecting and, subsequently, should the case turn sour, assigning error (or even worse, planting an error and nurturing the seed as a guarantee against a bad result).'" *Id.* at 438, 825 S.E.2d at 766 (quoting *State v. LaRock*, 196 W. Va. 294, 316, 470

---

[2] No response to the State's motion is included within the appendix record, and, in violation of Rule 7(d)(7) of the West Virginia Rules of Appellate Procedure, petitioner has not included a complete docket sheet from which this Court could discern whether any such response was filed.

[3] Petitioner was represented below by counsel different from his appellate counsel.

[4] As an alternative basis for the admissibility of the evidence, the court concluded that it was permitted under Rule 404(b) to show intent and absence of mistake.

S.E.2d 613, 635 (1996)). So, "the failure of a litigant to assert a right in the trial court likely will result in the imposition of a procedural bar to an appeal of that issue." *Id.* A corollary of this rule is found in Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which requires that a party's argument "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." The failure to comply with this rule is similarly detrimental, as this Court "may disregard errors that are not adequately supported by specific reference to the record on appeal." *Id.* Petitioner has not pinpointed where he objected to the introduction of the evidence he now deems problematic, and our review of the record reveals that he did not articulate with the requisite distinctiveness any issue with the evidence. Instead, the record shows that he explicitly agreed to the admissibility of at least some of it. Because petitioner has failed to comply with the above-mentioned mandates, he has failed to preserve the issue for our review.[5]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 17, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice C. Haley Bunn

**CONCURRING, IN PART, AND DISSENTING, IN PART:**

Justice William R. Wooton

Wooton, Justice, concurring, in part, and dissenting, in part:

I concur in the majority's resolution of petitioner Caleb A.'s first assignment of error wherein it affirmed the circuit court's admission of "other crimes or bad acts" evidence pursuant to West Virginia Rule of Evidence 404(b). However, I respectfully dissent to the majority's decision to ignore the petitioner's second assigned error that the court erred in denying him an alternative sentence due to his minimal prior criminal history, work experience, and remorse. Specifically, petitioner argues that the court failed to provide any explanation in its order for its denial of his motion which violated West Virginia Code section 62-12-8 ("Orders granting or refusing release on probation *shall contain* a brief statement by the court of the reasons for its action and shall be entered of record." (emphasis added).).

---

[5] Petitioner raises a second assignment of error, claiming that the court erred in denying him probation or other alternative sentence and in failing to provide an explanation for that denial. Petitioner again fails to include "appropriate and specific citations to the record on appeal," so we decline to address the claim. W. Va. R. App. P. 10(c)(7).

3

We have held that "[t]he decision of a trial court to deny probation will be overturned only when, on the facts of the case, that decision constituted a palpable abuse of discretion." Syl. Pt. 2, *State v. Shafer*, 168 W. Va. 474, 284 S.E.2d 916 (1981). Here, the Court is unable to discern whether there was an abuse of discretion due to the circuit court's failure to provide any basis for its apparent denial of petitioner's request for probation. This failing was easily correctable by simply vacating the sentencing order and remanding the case for resentencing. This resolution would have afforded the court an opportunity to include its reasons for denying petitioner probation or other alternative sentencing. However, the majority chose to gloss over the problem with the court's statutorily deficient order, rather than require the court to fix it. For the foregoing reasons, I respectfully dissent.