# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**
**January 25, 2024**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 22-794** (Berkeley County CC-02-2021-F-245)

**Isaiah Lee,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Isaiah Lee appeals the order entered by the Circuit Court of Berkeley County on September 22, 2022, sentencing him to a determinate term of three years in the penitentiary for possession of a firearm by a prohibited person in violation of West Virginia Code § 61-7-7(a) [2016].[1] Petitioner contends that the circuit court abused its discretion by sentencing him to a term of incarceration when an alternative sentence of probation or home incarceration would have been more appropriate. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

Petitioner was indicted in October 2021 for the felony offenses of unlawful possession of a firearm by a prohibited person, conspiracy to deliver controlled substances, and possession with intent to deliver synthetic cathinones. Petitioner pled guilty to unlawful possession of a firearm by a prohibited person, and the State dismissed the remaining charges.

Petitioner argued for an alternative sentence, and the circuit court denied his request for several reasons including petitioner's lengthy criminal history (as well as 23 criminal charges that were not prosecuted); a prior 2006 handgun charge in Frederick County, Maryland, that was not pursued; a 2010 felony conviction for possession with intent to distribute cocaine for which petitioner received probation that he twice violated, prompting his return to probation; petitioner's convictions in 2012 for possession of heroin and driving or attempting to drive a motor vehicle while impaired by alcohol for which petitioner was placed on probation, which he violated, and then was returned to probation; and charges of leaving the scene with damage, failure to exchange

---

[1] Petitioner appears by Robert C. Stone Jr., and the State appears by Attorney General Patrick Morrisey and Assistant Attorney General Ronald T. Goudy.

1

information, improper use of evidence of registration, and displaying an expired registration that petitioner acquired during the pendency of the underlying criminal case. The circuit court also found petitioner was dishonest about his drug usage and that he misrepresented his ability to refrain from getting into any additional legal trouble during the underlying case.

On appeal, petitioner contends in his lone assignment of error that the circuit court erred in denying his request for an alternative sentence. In our review of the circuit court's sentencing order, we employ a "deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). Furthermore, "[p]robation is a matter of grace and not a matter of right." Syl. Pt. 1, *State v. Rose*, 156 W. Va. 342, 192 S.E.2d 884 (1972). "The decision of a trial court to deny probation will be overturned only when, on the facts of the case, that decision constituted a palpable abuse of discretion." Syl. Pt. 2, *State v. Shafer*, 168 W. Va. 474, 284 S.E.2d 916 (1981).

The circuit court went to great lengths to set forth on the record its reasoning for the sentence imposed upon the petitioner. The circuit court believed the three-year sentence was appropriate for the aforementioned reasons and because of petitioner's acceptance of some responsibility by entering into a plea agreement and by forfeiting seized monies. Under these facts, it cannot be said that the circuit court palpably abused its discretion in denying petitioner an alternative sentence. Accordingly, we find no merit to this assignment of error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: January 25, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

2