# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 23-404** (Berkeley County CC-02-2021-F-316)

**Gary M.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Gary M. appeals the June 7, 2023, order entered by the Circuit Court of Berkeley County that sentenced the petitioner to a term of imprisonment and supervised release.[1] On appeal, the petitioner argues that the court abused its discretion by denying his motion for alternative sentencing and that his sentence is disproportionate. Upon our review, finding no substantial question of law and no prejudicial error, we determine oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

In October 2021, the petitioner was indicted for ten counts of first-degree sexual assault; eleven counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust; and one count of first-degree sexual abuse related to three different minors. The alleged victims of these crimes were the petitioner's daughter, R.B., and his grandchildren, P.M. and K.R. In March 2023, the petitioner entered *Alford*/*Kennedy*[2] pleas of guilty to three counts of sexual abuse by a person in a position of trust. The State provided a factual basis for the plea by proffering that P.M. disclosed that the petitioner sexually abused her starting "when she was six years old," and "it may have happened to her mother [R.B.] and also her cousin [K.R.]." When K.R. was interviewed, she disclosed that she was sexually abused by the petitioner "when she was about five or six years old when she stayed there for about three months in that household." R.B. was also interviewed and stated that, when she was a minor, the petitioner "unbuttoned her shirt and touched her breasts"

---

[1] The petitioner appears by counsel B. Craig Manford. The State appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease Proper. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Initials are used where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[2] *See* Syl. Pt. 1, *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987) ("An accused may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him."); *North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (same).

1

while she was sleeping. After the State's proffer, the circuit court asked the petitioner if he acknowledged that the State "ha[d] the evidence as described" by the prosecutor and inquired whether he understood that "a jury could find you guilty beyond a reasonable doubt" based on that evidence. The petitioner responded affirmatively, and the court accepted his *Alford/Kennedy* pleas and ordered him to participate in a psychosexual risk assessment and a presentence investigation.

At the sentencing hearing, the circuit court heard victim impact statements from R.B. and P.M., who described the long-term consequences that they had suffered because of the petitioner's abuse. The petitioner exercised his right of allocution and insisted that he had been falsely accused and requested probation or home incarceration due to his advanced age and health concerns. The court reviewed the petitioner's risk assessment and found it significant that he was "at a maximum risk range" for antisocial behavior and showed signs of "deviant pedophile thoughts, motivation and tendencies[.]" The court noted that the petitioner admitted in the presentence report that "he engaged in sexual activity with his young grandchildren, but he blames them for seducing him. The [petitioner] has expressed no remorse for his actions and blames the victims for lying about him." After considering the circumstances of the case, the court found that the petitioner was not a suitable candidate for an alternative sentence and sentenced him to three consecutive terms of ten to twenty years of imprisonment and twenty years of supervised release.[3] The petitioner appeals this sentence.

The petitioner now argues that the circuit court abused its discretion by denying his motion for an alternative sentence and that the court's ordering of consecutive sentences resulted in a disproportionate sentence. We have stated that this Court "reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997); *see also* Syl. Pt. 2, *State v. Shafer*, 168 W. Va. 474, 284 S.E.2d 916 (1981) ("The decision of a trial court to deny probation will be overturned only when, on the facts of the case, that decision constituted a palpable abuse of discretion."). The circuit court did not abuse its discretion in determining that the petitioner was not a suitable candidate for an alternative sentence given the results of his risk assessment, his deflection of responsibility for his admitted sexual abuse, and his lack of remorse. Further, this Court's proportionality standards "are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, in part, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). Rather, where a fixed maximum sentence is set by statute, as is the case here, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). Impermissible factors at sentencing include "race, sex, national origin, creed, religion, and socioeconomic status . . . ." *State v. Moles*, No. 18-0903, 2019 WL 5092415, at *2 (W. Va. Oct. 11, 2019) (memorandum decision) (citation omitted). Because the petitioner does not assert that the circuit court considered any impermissible factors at sentencing, and because his sentence is within statutory limits, appellate review is not available.

---

[3] *See* W. Va. Code § 61-8D-5(a) (providing that sexual abuse by a person in a position of trust has a maximum penalty of "not less than ten nor more than twenty years" of imprisonment and a $5,000 fine).

2

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 22, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV