**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 23-628** (Nicholas County CC-34-2022-F-55)

**Daniel Allen Wolfe,**
**Defendant Below, Petitioner**

### MEMORANDUM DECISION

Petitioner Daniel Allen Wolfe appeals the Circuit Court of Nicholas County's October 2, 2023, sentencing order entered following his guilty plea to mine trespass.[1] The petitioner claims that the circuit court abused its sentencing discretion by failing to consider the individual characteristics of his case. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).In June 2022, the petitioner pled guilty to an information charging one count of mine trespass.[2] The State reserved the right to speak at sentencing, and moved the circuit court to defer acceptance of the petitioner's guilty plea in favor of three years of deferred adjudication.[3]

During the plea hearing, the petitioner affirmed that he had discussed the deferred adjudication agreement with his attorney, and that he understood the "huge break" he was getting. The circuit court informed the petitioner that "if you do not successfully complete the deferred adjudication period, you could come back here and be sentenced to a one to ten and a $10,000 fine; is that clear?" The petitioner responded, "Yes, sir." The court further advised the petitioner that

---

[1] The petitioner appears by counsel Gary Collias. The State appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

[2] *See* W. Va. Code § 61-3B-6(a) (providing that "[a] person who willfully enters an underground coal mine . . . without permission, is guilty of a felony"). The maximum penalty for mine trespass is one to ten years of imprisonment and a $10,000 fine. *See id.*

[3] *See* W. Va. Code § 61-11-22a(a) (providing that "[u]pon the entry of a guilty plea . . . the court may, upon motion, defer acceptance of the guilty plea and defer further adjudication thereon and release the defendant upon such terms and conditions as the court deems just and necessary").

"for a deferred adjudication agreement, you also understand you don't get a second chance? If you mess up and violate the terms of it, you don't get a second chance, because this is your chance." The petitioner indicated that he understood. The court also informed the petitioner that he could "get probation for up to seven years" and that if he violated probation, he "could go back and do the sentence." The petitioner stated that he understood. The court inquired about the factual basis for his plea, and the petitioner stated that he entered a mine to steal copper. The court asked the petitioner if he stole copper because he had a drug problem, and he said, "Yes sir, I do[,]" but he denied using illegal drugs in the six or seven months before the plea hearing. After this colloquy, the court sentenced the petitioner to three years of deferred adjudication with the conditions that he violate no law and that he "shall obey all rules and regulations imposed" by the court and the probation office.

In July 2023, a Nicholas County probation officer notified the circuit court that the petitioner tested positive for norfentanyl on June 1, 2023, and fentanyl on June 15, 2023, in violation of the rules of his probation, and the State filed a motion to accept the petitioner's guilty plea. The petitioner responded by filing a motion for probation. At a hearing in August 2023, the petitioner admitted that he violated the terms of his deferred adjudication, and the court accepted his guilty plea to mine trespass. The court ordered the probation office to prepare a presentence report for the petitioner.

At the sentencing hearing in October 2023, the petitioner did not offer any corrections or objections to the presentence report. Through counsel, the petitioner presented information in support of his request for probation, indicating that he was employed, had only three misdemeanors in his criminal history,[4] had specific goals in life, and had done very well on deferred adjudication—except for the three positive drug screens. The court denied the petitioner's motion for probation or alternative sentencing, finding that it "would unduly depreciate the seriousness of the crime committed by the defendant due to the deliberate nature of the crime[.]" The court further stated that the petitioner was "given an opportunity with a deferred adjudication, and you either take advantage of that opportunity or you don't. You either complete the deferred adjudication or you don't. If you don't you come back here and you get the maximum. That's just the way it works." The court then imposed the statutory sentence of one to ten years' imprisonment and a $10,000 fine.

On appeal, the petitioner argues that the circuit court's statements during his plea and sentencing hearings were evidence of a "mechanical and automatic policy" regarding violations of the terms of deferred adjudication. The petitioner further contends that the court's alleged rigidity constituted an impermissible sentencing factor because it precluded consideration of his individual circumstances prior to sentencing.

---

[4] The presentence report reflected that the petitioner had three prior convictions between 2017 and 2020 for driving on a suspended or revoked license, driving on a license revoked for DUI, and a possession of a controlled substance without a valid prescription.

We have stated that this Court "reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). We have also stated that we will not disturb a court's decision to deny probation unless its decision "constituted a palpable abuse of discretion" considering the facts of the case. Syl. Pt. 2, in part, *State v. Shafer*, 168 W. Va. 474, 284 S.E.2d 916 (1981). We have held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 298 S.E.2d 504 (1982). We have further noted that "the impermissible factors a court should not consider in sentencing include such matters as 'race, sex, national origin, creed, religion, and socioeconomic status[.]'" *See State v. Moles*, No. 18-0903, 2019 WL 5092415 (W. Va. Oct. 11, 2019) (memorandum decision) (citation omitted).

Here, the circuit court's denial of the petitioner's request for probation does not equate to reliance on an impermissible sentencing factor. The appellate record reveals that the circuit court was made aware of the petitioner's individual circumstances prior to imposing his sentence. First, a presentence report was prepared and presented to the circuit court. Rule 32(b)(4)(A) of the West Virginia Rules of Criminal Procedure provides that a presentence report must contain:

> information about the defendant's history and characteristics, including information concerning the defendant's court and criminal record, occupation, family background, education, habits and associations, mental and physical condition, . . . and any circumstances that, because they affect the defendant's behavior, may be helpful in imposing sentence, determining the propriety and conditions of release on probation, or determining correctional treatment.

*See State v. McDonald*, 250 W. Va. 532, 539, 906 S.E.2d 185, 192 (2023) (ruling that "[a] presentence investigation and its accompanying report provide a sentencing court with significant information regarding a defendant's history, characteristics, and circumstances."). Second, the petitioner addressed the court prior to sentencing and emphasized the individual circumstances he believed were supportive of his request for probation. There is no indication that the court failed to review the petitioner's presentence report or failed to consider his argument for probation, and the record does not support the petitioner's assertion that his sentence is based upon any impermissible factors. As the petitioner concedes, his violation of the deferred adjudication agreement was a legitimate factor for the court to consider at sentencing and was a sufficient basis for the revocation of his deferred adjudication. Accordingly, we conclude that the petitioner has failed to demonstrate an abuse of the circuit court's sentencing discretion.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 24, 2026

3

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III