# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.) No. 23-270** (Berkeley County CC-02-2022-F-261)

**Michael Frederick Ryzner,**
**Defendant Below, Petitioner**


## MEMORANDUM DECISION


Petitioner Michael Frederick Ryzner appeals the Circuit Court of Berkeley County's April 10, 2023, sentencing order denying the petitioner's request for probation.[1] The petitioner argues that the court failed to properly consider factors favoring probation and improperly considered factors that predisposed the court to deny his request for alternative sentencing. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21.

Relevant to the issues the petitioner raised on appeal, the petitioner entered *Alford/Kennedy*[2] pleas, pursuant to an agreement with the State, to two counts of possession of child pornography and one count of failure to appear.[3] The plea agreement specified that "the parties [could] argue for any lawful sentence" at the sentencing hearing. On October 27, 2022, the circuit court accepted the petitioner's pleas, scheduled a sentencing hearing, ordered a pre-sentencing report, and, at the petitioner's request, also ordered a psychosexual evaluation.

At the sentencing hearing on April 10, 2023, the petitioner, through counsel, stated that his completed psychosexual evaluation practically "screamed probation" because it noted that the petitioner had no prior criminal history and "estimates that there is a [ninety-three] percent chance in the next five years that he won't re-offend." The report indicated that the petitioner's early

---

[1] The petitioner appears by counsel Jonathan T. O'Dell. The State of West Virginia appears by Attorney General Patrick Morrisey and Deputy Attorney General Andrea Nease Proper.

[2] *See* Syl. Pt. 1, *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987) ("An accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him."); *see also North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

[3] One count of possession of child pornography depicting violence to a child was dismissed under the terms of the plea agreement.

history was unstable because of his mother's drug addiction and mental illness, which resulted in periods of homelessness, time spent in foster care, and frequent absences from school due to his mother's threats to kill him if he attended. The petitioner denied experiencing sexual abuse but relayed one instance of physical violence when his mother slapped him. Despite dropping out of school in the eleventh grade, the petitioner later "easily" obtained his GED. Based, in part, on the psychosexual evaluation, the petitioner asked the court to suspend any sentence ordered in favor of probation, with the requirement that the petitioner abide by any terms the court deemed necessary. The petitioner also requested the minimum sentence of ten years on supervised release.

During the sentencing hearing, the circuit court expressed concern that the petitioner had not taken responsibility for his actions and stated, "So, there really is no treatment that can be provided to somebody who has child pornography proclivities that would be effective when they are not willing to recognize that there is a problem." The court also indicated it was troubled that the pornographic images supporting the convictions were of "very, very, very young children," and further stated it would

> like nothing more than to have the opportunity at some point on the bench to have somebody from the supply side [of child pornography] before this court, . . . in terms of sentencing them, so the supply side would go away. The fact of the matter is, the supply side would go away on its own if we didn't have a demand for it.
>
> And, unfortunately, it appears in this case we have a young man who, at the time of the PSI, was 29 years old . . . . [who] was part of the demand for child pornography. And a message has to be sent that if you get caught with young children in videos or pictures being exploited for sexual purposes, then that there is a heavy price to pay.

The court sentenced the petitioner to an aggregate term of not less than six nor more than twenty years of imprisonment with thirty years of supervised release upon completion of his prison sentence. In determining that diminished intellectual capacity was not a factor that required consideration during the petitioner's sentencing, the court stated, "if I had somebody with a very low IQ, that's the kind of thing that I would take into consideration here, but I don't [have that] here with [the petitioner]." The petitioner now appeals the April 10, 2023, sentencing order of the circuit court.

The petitioner alleges that the circuit court erred in denying his request for an alternative sentence of probation. The petitioner asserts that the circuit court abused its discretion in failing to give sufficient weight to his childhood of extreme adversity and abuse, which warranted consideration of probation to prevent a "miscarriage of justice" as recognized by this Court in *State v. Arbaugh*, 215 W. Va. 132, 595 S.E.2d 289 (2004). In *Arbaugh*, the Court reversed the circuit court's denial of the petitioner's request for probation in consideration of the petitioner's history of extreme abuse, experienced from a very young age. *Id.* at 137, 595 S.E.2d at 294. The petitioner argues that the hardships and instability he suffered due to his mother's drug addiction and mental illness were similar enough to Mr. Arbaugh's experiences to warrant fuller consideration of the sentencing alternative of probation by the circuit court.

We review a sentencing court's denial of probation for an abuse of discretion. *See* Syl. Pt. 2, *State v. Shafer*, 168 W. Va. 474, 284 S.E.2d 916 (1981) ("The decision of a trial court to deny probation will be overturned only when, on the facts of the case, that decision constituted a palpable abuse of discretion."). Upon our review, we find that the circuit court did not abuse its discretion in denying the petitioner's request for probation. Contrary to the petitioner's argument, our holding in *Arbaugh* does not compel a sentence of probation in the instant case. We discussed the implications of *Arbaugh* in *State v. Georgius*, 225 W. Va. 716, 721, 696 S.E.2d 18, 23 (2010):

> This Court's decision in *Arbaugh* did not create any new standards, guidelines, or requirements to be followed by the circuit courts of this State . . . . *Arbaugh* was a per curiam decision decided by this Court upon application of existing precedent and was confined to the very specific facts of that case.

Therefore, *Arbaugh* does not negate a sentencing court's broad discretion in deciding whether to grant probation. *See State v. Shaw*, 208 W. Va. 426, 429, 541 S.E.2d 21, 24 (2000) ("'[T]he decision as to whether the imposition of probation is appropriate in a certain case is entirely within the circuit court's discretion'") (quoting *State v. Duke*, 200 W. Va. 356, 364, 489 S.E.2d 738, 746 (1997)). The circuit court was in possession of the petitioner's pre-sentencing investigation report and psychosexual evaluation and heard argument from petitioner's counsel concerning the factors favorable to probation within those reports. However, the circuit court noted that the petitioner was twenty-nine years old at the time the pre-sentence investigation report was completed, placing him well into adulthood at the time the acts supporting his conviction were committed. The court also noted the extreme youth of some of the children depicted in the pornographic images and stated that the petitioner's failure to acknowledge his role in acquiring and possessing those images eliminated the possibility of effective mental health treatment. The circuit court's assessment of this information was firmly within its discretion, and its determination that the factors weighing against a sentence of probation for the petitioner were more significant than those in favor of probation does not constitute error. Simply put, the "petitioner's desire for a different outcome—probation—does not establish a 'palpable abuse of the court's discretion'" under these circumstances. *See State v. Zackoski*, No. 20-0518, 2021 WL 3833719, at *2 (W. Va. Aug. 27, 2021) (memorandum decision). Accordingly, we find no abuse of discretion in the circuit court's sentencing order concerning the weight given to information supportive of probation for the petitioner.

Additionally, the petitioner alleges that the court "may have discriminated against the petitioner by relying upon the [p]etitioner's level of intelligence to justify imposing a prison sentence" and was "likely predisposed to impose a prison sentence for these [types of] offenses." We have held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). The petitioner's cautionary use of "may" and "likely" renders it unclear whether he is actively asserting error regarding these allegations; nonetheless, we note that the circuit court addressed the petitioner's level of intelligence, on the record during the sentencing hearing, to clarify that there were no indications the petitioner had impaired intellectual functioning that might impact his ability to comprehend the nature and consequences of the criminal behavior underlying his convictions and potentially persuade the court to temper its sentencing power. Similarly, the circuit court's language concerning the nature of the

petitioner's convictions served to express the court's awareness of the seriousness of the petitioner's convictions and their harmful impact on society. Neither of these considerations constitute impermissible factors for the court to weigh during sentencing. *See State v. Moles*, No. 18-0903, 2019 WL 5092415, at *2 (W. Va. Oct. 11, 2019) (memorandum decision) (citation omitted) (noting that impermissible factors include "race, sex, national origin, creed, religion, and socioeconomic status . . . ."). Therefore, we find no error in the circuit court's consideration of the petitioner's level of intelligence and the nature of his convictions during sentencing.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 10, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV